**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| PCL CIVIL CONSTRUCTORS, INC. | CIVIL ACTION NO. 19-0491 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ARCH INSURANCE CO. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Defendant Arch Insurance Co.'s ("Defendant") Motion to Dismiss on the basis of *forum non conveniens*. See Record Document 9. Plaintiff PCL Civil Constructors, Inc. ("Plaintiff") opposes the motion. See Record Document 12. For the reasons set forth below, Defendant's motion is hereby **GRANTED**.

**I.    BACKGROUND**

This case is centered around a contract (the "Prime Contract") between PCL, as general contractor, and the Louisiana Department of Transportation and Development ("DOTD") to perform certain work regarding a DOTD Public Works construction project (the "Project"). See Record Document 1 at 2; Record Document 9-1 at 10. On February 23, 2015, PCL entered into a subcontract (the "Subcontract") with Command Construction Industries LLC ("Command") to perform certain work in connection with the Project, including the removal and installation of highway signs, as specified by DOTD's plans and specifications. See Record Document 1 at 3 (citing Record Document 12-1 at 4). In addition, Command, as subcontractor, furnished the Bond at issue in this matter from Defendant, as surety. See id. at 3–4 (citing Record Document 1-1 at 1).

The Prime Contract enumerates a list of "Contract Documents," including, *inter alia*, the "Louisiana Standard Specifications for Roads and Bridges, 2006 Edition" ("2006

Standard Specifications"). Record Document 9-1 at 10. Section 107.01 of these 2006 Standard Specifications ("Section 107.01") provides the disputed forum selection clause in this matter, which states: "[w]hen the Department is the contracting agency, any litigation arising under or related to the contract or the bidding or award thereof shall be instituted in the 19th Judicial District Court in and for the Parish of East Baton Rouge, State of Louisiana." Id. at 9. The Subcontract states that it incorporates the Prime Contract, along with "all other documents listed in or referenced by the Prime Contract." Id. at 25. Additionally, the Bond states that it incorporates by reference the Subcontract. Record Document 1-1 at 1 ("[S]aid Subcontract is by reference made a part hereof.").

On April 17, 2019, Plaintiff filed the instant complaint against Defendant seeking performance of Defendant's obligations allegedly owed to it under the Bond. See Record Document 1 at 2. In response, Defendant filed this Motion to Dismiss seeking dismissal of Plaintiff's suit on the grounds of *forum non conveniens* due to the contractual forum selection clause that allegedly requires the dispute to be brought only in the 19th Judicial District Court in and for the Parish of East Baton Rouge. See Record Document 9 at 3. Defendant contends that Plaintiff fails to show that the forum selection clause is not valid and enforceable and, therefore, requests that Plaintiff's suit be dismissed without prejudice. See id. at 6.

## II. LAW AND ANALYSIS

### A. Legal Standard

The United States Supreme Court clarified the proper mechanism for enforcing forum selection clauses in Atlantic Marine Construction Co., Inc. v. U.S. District Court for Western District of Texas, 571 U.S. 49, 134 S. Ct. 568 (2013). There, the Court held that

the proper mechanism of enforcement of the disputed forum selection clause, which concerned a transfer to another federal district court, was pursuant to 28 U.S.C. § 1404(a). See id. at 59, 134 S. Ct. at 579. The Court also clarified that the proper mechanism of enforcement for a forum selection clause that calls for litigation in a state or foreign court is through a motion to dismiss on grounds of *forum non conveniens*. See id. at 60, 134 S. Ct. at 580. However, these procedural mechanisms only apply where the forum selection clause is mandatory and enforceable. See Weber v. PACT XPP Tech., AG, 811 F.3d 758, 766 (5th Cir. 2016). Here, because the forum selection clause at issue calls for litigation in state court, the proper procedural mechanism is a motion to dismiss on grounds of *forum non conveniens*.

Typically, a court applying a *forum non conveniens* analysis must decide whether there is an adequate alternative forum and, if so, decide which forum is best suited for the litigation by considering a variety of private and public-interest factors, while also giving deference to the plaintiff's choice of forum. See Barnett v. DynCorp Int'l, L.L.C., 831 F.3d 296, 300 (5th Cir. 2016). However, the presence of a forum selection clause simplifies this analysis in two ways. First, "the plaintiff's choice of forum merits no weight" because, by agreeing via contract to litigate in a specific forum, "the plaintiff has effectively exercised its 'venue privilege' before a dispute arises." Atl. Marine, 571 U.S. at 63, S. Ct. at 581. Second, the court will only consider the public-interest factors because the private-interest factors "weigh entirely in favor of the preselected forum." Id. at 64, 134 S. Ct. at 582. If the court determines that the forum selection clause is enforceable, relevant, mandatory, and applicable, the public-interest factors will rarely defeat a *forum non*

*conveniens* motion. See, e.g., Burnett v. ARCCA Inc., No. 15-1214, 2016 WL 1271073, at *6 (W.D. La. Mar. 31, 2016).

**B.    Analysis**

The Court first addresses whether the forum selection clause at issue is enforceable. "Federal law applies to determine the enforceability of forum selection clauses in both diversity and federal question cases." All. Health Grp., LLC v. Bridging Health Options, LLC, 553 F.3d 397, 399 (5th Cir. 2008) (citation omitted). A forum selection clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." Burnett, 2016 WL 1271073, at *5 (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 92 S. Ct. 1907, 1913 (1972)). This showing can be made if:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

Id. (citing Haynsworth v. The Corp., 121 F.3d 956, 963 (5th Cir. 1997)).

In the case at hand, Plaintiff has not presented any argument that supports a finding that the forum selection clause at issue is unreasonable under the circumstances. Plaintiff makes no showing that the forum selection clause was incorporated into the parties' contract through fraud or overreaching, or that any of the aforementioned factors are present here. Plaintiff falls far short of meeting its "heavy burden of proof" in showing that the clause is unreasonable. M/S Bremen, 407 U.S. at 17, 92 S. Ct. at 1917. Accordingly, the forum selection clause is enforceable.

Plaintiff's primary argument against Defendant's motion is that the Bond does not incorporate Section 107.01, i.e., that the forum selection clause is not relevant. See Record Document 12 at 19. However, this argument is meritless for several reasons. In Burnett v. ARCCA Inc., this Court addressed a similar argument by the party resisting enforcement of a forum selection clause, who asserted that the clause, which was incorporated by reference and/or attached to the principal agreement, was not part of the contract. 2016 WL 1271073, at *3. After framing the issue as "simply an inquiry into the common intent of the parties," the Court applied Louisiana law regarding the interpretation of contracts and determined that the forum selection clause was incorporated in the parties' contract and therefore relevant. Id. at *4.

Louisiana law provides that the "[i]nterpretation of a contract is the determination of the common intent of the parties." La. Civ. Code art. 2045. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." Id. art. 2046. "Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." Id. art. 2050. Further, "in the interpretation of . . . contracts, the specific controls the general." Trafficware Group, Inc. v. Sun Indus., L.L.C., No. 15-0106, 2017 WL 1050579, at *2 (M.D. La. Mar. 20, 2017) (quoting Corbello v. Iowa Prod., 02-826 (La. 2/25/03), 850 So. 2d 686, 704 (superseded by statute on other grounds)).

Here, it is unambiguously clear from the governing documents at issue that the Bond incorporates Section 107.01 through Plaintiff's underlying Subcontract with Command, which thereby incorporates the Prime Contract itself. See Record Document

9 at 3–4; Record Document 9-2 at 7. Furthermore, both federal and state have repeatedly applied this principle of incorporation by reference in connection with contractual provisions. See Evans v. Three Deuces Inc., No. 10-3150, 2011 WL 345844, at *2 (E.D. La. Feb. 1, 2011); One Beacon Ins. Co. v. Crowley Marine Servs. Inc., 648 F.3d 258, 269 (5th Cir. 2011); see also Russellville Steel Co., Inc. v. A & R Excavating, Inc., 93-209 (La. App. 5th Cir. 8/26/93), 624 So. 2d 11, 12.

Additionally, Plaintiff asserts that Article 12.9.5 of the "Uniform Special Conditions to the Subcontract" governs the instant dispute, rather than Section 107.01. See Record Document 12 at 24–25. This provision provides that "[a]ny mediation, arbitration, or legal proceeding permitted hereunder shall be commenced and proceed in the county in which the Project is located, unless the parties agree in writing to a different location." Record Document 12-1 at 19. However, this argument is also unavailing. First, the provision expressly states that it will not apply if the parties agree in writing to a different location, which the parties have plainly done as provided in Section 107.01. In addition, as further stated below, Section 107.01 is clearly the more specific provision as it expressly lists the "different location" to which it applies by naming the specific court. Accordingly, the Court finds that Section 107.01 is the governing forum selection clause in this matter.[1]

The Court next determines whether the forum selection clause at issue is mandatory or permissive. Only mandatory and enforceable forum selection clauses justify transfer or dismissal. See Weber v. PACT XPP Tech., AG, 811 F.3d 758, 768 (5th Cir.

---

[1] Confusingly, Plaintiff appears to argue that Article 12.9.5 applies in this matter via the Bond's incorporation of the Subcontract, despite also arguing that the Bond cannot incorporate Section 107.01. See Record Document 12 at 19, 24–25. However, as this Court stated in Burnett, Plaintiff "cannot . . . cherry pick the provisions of the contract which help [its] purposes the most and then discard the rest." 2016 WL 1271073, at *4.

2016). A permissive forum selection clause "authorizes jurisdiction or venue in a selected forum but does not prohibit litigation elsewhere." Bentley v. Mut. Benefits Corp., 237 F. Supp. 2d 699, 701 (S.D. Miss. 2002). By contrast, a mandatory forum selection clause has "express language limiting the action to the courts of a specific locale." Id. A forum selection clause is mandatory only if it "contains clear language specifying that litigation must occur in the specified forum." Weber, 811 F.3d at 768.

Here, the disputed forum selection clause states that any dispute "shall be instituted in the 19th Judicial District Court in and for the Parish of East Baton Rouge, State of Louisiana." Record Document 9-1 at 9. As noted above, it is unambiguously clear that the forum selection clause is mandatory in nature as it not only uses the word "shall" in its operative language, but also clearly specifies the exact court to which it applies in referencing the 19th Judicial District Court. See Burnett, 2016 WL 1271073, at *4; cf. All. Health Grp., LLC v. Bridging Health Options, LLC, 553 F.3d 397, 399–400 (5th Cir. 2008) (finding forum selection clause that required litigation in "Harrison County" as permissive because county contained both a federal and state courthouse, thus allowing for litigation in either court). Accordingly, the forum selection clause at issue is mandatory.

The Court also addresses whether the forum selection clause is "applicable" to the instant dispute. Similar to the analysis regarding incorporation of a forum selection clause, courts address the determination of its scope and applicability as a matter of contract interpretation as well. See Marinechance Shipping, Ltd. v. Sebastian, 143 F.3d 216, 222 (5th Cir. 1998). In Burnett, this Court interpreted the broad scope of the parties' forum selection clause due to its language providing that it applied to any dispute "arising under or in connection with" the contract, noting that such clauses are interpreted to reach "every

dispute between the parties having a significant relationship to the contract and all disputes having their origin or genesis in the contract." 2016 WL 1271073, at *5 (quoting Wellogix, Inc. v. SAP Am., Inc., 58 F. Supp. 3d 766, 778 (S.D. Tex. 2014)).

In the case at hand, the forum selection clause contains nearly identical language as it applies to any litigation "arising under or related to" the Prime Contract. Record Document 9-1 at 9. Similar to the provision in Burnett, the broad language of the forum selection clause here clearly applies to the instant suit. Plaintiff's claim against Defendant is based on Defendant's alleged obligations under the Bond, which itself was provided in connection with Command's work under the Subcontract, all of which are part of and clearly relate to the work under the Prime Contract between Plaintiff and DOTD.

Lastly, as stated above, the Court considers the extent to which the public-interest factors affect its analysis. These factors are as follows:

> (1) administrative difficulties flowing from court congestion; (2) local interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (4) the avoidance of unnecessary problems in conflict of laws; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty.

Al Copeland Investments, LLC v. First Specialty Ins. Corp., 884 F.3d 540, 545 (5th Cir. 2018). Courts have frequently held that these factors will defeat a valid and enforceable forum selection clause only in truly exceptional cases. See Weber v. PACT XPP Tech., AG, 811 F.3d 758, 776 (5th Cir. 2016).

Here, Plaintiff has failed to demonstrate how any of these factors weigh against application of the enforceable, relevant, mandatory, and applicable forum selection clause at issue. Further, the Court has considered said factors and finds that none weigh against its enforcement. Accordingly, the instant forum selection clause necessitates dismissal of

Plaintiff's suit without prejudice for *forum non conveniens*. See Burnett, 2016 WL 1271073, at *7.

### III. CONCLUSION

Based on the foregoing reasons, Defendant's Motion to Dismiss (Record Document 9) is **GRANTED** and all of Plaintiff's claims are hereby **DISMISSED WITHOUT PREJUDICE**.

A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 5th day of March, 2020.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT